## BERGER BROS. CO. v. ROYAL APEX MFG. CORPORATION.

### No. 8564.

District Court, E. D. New York.

Dec. 22, 1938.

William Pitt Mason, Jr., of New York City (Busser & Harding and George J.

Harding, all of Philadelphia, Pa., of counsel), for plaintiff.

Abraham I. Wolf, of New York City, for defendant.

CAMPBELL, District Judge.

This is a suit in equity for the alleged infringement of patent No. 1,635,690 issued to Fred C. Richner, for eaves-trough hanger, granted July 12th, 1927, on an application filed June 17th, 1926.

The patent in suit was duly assigned to the plaintiff, which is now sole owner thereof.

The defendant interposed an answer setting up the defenses of invalidity and non-infringement, and a counterclaim for alleged unfair competition.

The counterclaim was withdrawn on the trial, and therefore, requires no further consideration.

The patent in suit relates to eaves-trough hangers adapted to receive rain water from the roof of a building, and in particular to means for securing the outer edge of an eaves-trough to the outer end of the supporting arm of the bracket.

The supporting means as shown in the specification, is the rigid supporting arm 7, with a hook 9 on its outer end which is adapted to be secured to a building.

The securing means comprises a bar 10 made of resilient material having at its opposite ends two hooks 11, which are substantially of U-shaped formation.

The eaves-trough is secured to the hanger by passing the inner edge of the trough beneath an abutment while the outer rolled edge projects outwardly over the hook, and above the outer end of the supporting arm, and the securing device is engaged with a hook near its central portion, and the two hooks of the device are in turn fitted over the rolled edge of the eaves-trough, and the hooks being under tension tend to pull and hold the eaves-trough in firm engagement with the supporting arm.

There is but one claim in the patent which reads as follows: "An eaves trough hanger comprising a supporting arm on which an eaves trough rests, and a securing device for the outer edge of the trough embodying a pair of spaced hooks for engaging the outer edge of the eaves trough in spaced relation to opposite sides of the supporting arm, and a resilient connecting portion between the hooks engaging the supporting arm at a point substantially midway between its ends in spaced relation to the hooks."

Defendant offered in evidence, the following alleged prior art patents.

U. S. Patent No. 163,655 issued to Jacob F. Hess and Lenerd Hess for eaves-trough hangers granted May 25th, 1875, discloses a bar bridging an eaves-trough formed to hook over the beaded edge of the trough, and connected to the plain edge by means of a wire suspender overlying the end of the bar, and in hooked engagement with the trough below its edge. It is true that the Hess suspender bar bears a resemblance to the securing device of the patent in suit, but Hess does not even suggest the combination of the patent in suit, and, in its more than fifty years of life before Richner's patent, did not teach those skilled in the art, the advantages of the device of the patent in suit.

U. S. Patent No. 172,731 issued to Joseph B. Harvey for improvement in eaves-trough hangers granted January 25th, 1876, discloses a strap fastener which does not even suggest the device of the patent in suit.

U. S. Patent No. 220,515 issued to William H. Berger and Levi Berger for improvement in eaves-trough irons granted October 14th, 1879, discloses a strap fastener in which I am unable to find any suggestion of the device of the patent in suit.

U. S. Patent No. 313,769 issued to George Reznor assignor to John W. Bell and Joseph C. Breckenridge for eaves-trough hanger granted March 10th, 1885, discloses a hanger that certainly did not teach or even suggest to those skilled in the art, the device of the patent in suit.

U. S. Patent No. 456,877 issued to Martin Bingman, assignor of two-thirds to Albert Johnson and Ole C. Hanson for eaves-trough hanger granted July 28th, 1891, discloses a strap fastener in which I can find nothing that even suggests the device of the patent in suit, much less a teaching thereof.

U. S. Patent No. 516,576 issued to Orville T. Roberts, assignor of one-half to Walter E. Roberts for eaves-trough iron granted March 13th, 1894, discloses a strap fastener which did not teach any one skilled in the art, the device of the patent in suit.

U. S. Patent No. 524,257 issued to Conrad Lumm for eaves-trough hanger

granted August 7th, 1894, discloses a hanger which certainly does not teach those skilled in the art, the device of the patent in suit.

U. S. Patent No. 540,896 issued to William H. Berger, for eaves-trough or gutter hanger granted June 11th, 1895 discloses a strap fastener and engaging hook which has no resiliency and is adapted to be lashed with wire to the end of a supporting arm, in which I am unable to find any teaching of the device of the patent in suit.

U. S. Patent No. 873,578 issued to Charles H. Molyneux for eaves-trough support granted December 10th, 1907, discloses a supporting arm, and pivoted wire hook which is not retained by any inherent resiliency but is retained by engagement with the trough by the knob or projection, 20, which lies below it when the hook is engaged. That patent certainly does not teach the invention of the patent in suit.

U. S. Patent No. 1,020,951 issued to William E. Patchin for eaves-trough hanger granted March 19th, 1912, discloses a strap fastener which does not even suggest the invention of the patent in suit.

U. S. Patent No. 1,630,935 issued to George B. Geiser, assignor to Berger Brothers Company for gutter-hanger circle granted May 31st, 1927 discloses a strap fastener which did not teach the invention of the patent in suit.

U. S. Patent No. 1,661,038 issued to Newell Ham, assignor to Defiance Sales Corporation, for calendar stand granted February 28th, 1928, on an application filed April 27th, 1927, discloses a calendar stand having a leaf-retaining arch which is so mounted that it can be swung about a pivotal axis.

That patent need not be further discussed, as it not only relates to a wholly non-analogous art, but also has a filing date subsequent to that of the patent in suit, and is not prior art.

U. S. Patent No. 1,679,266 issued to Bion C. Place, assignor of one-half to George E. Gagnier, for fastener granted July 31st, 1928, on an application filed November 25th, 1927, discloses a fastener in which the parts cooperating to serve the fastening function, are formed from a single piece of material. It has not been pointed out what bearing that patent has upon the patent in suit, and I cannot see that it has any.

British Patent No. 10272 A. D. 1901 issued to Thomas Ballinger and William Milligan for improvements in brackets for supporting gutters or spouting, accepted July 13th, 1901, discloses a trough engaging hook pivoted to a more or less flexible strap passing beneath the trough, the hook not being retained by any resiliency of its own, but by the supporting strap which is drawn up when the hook is engaged. That patent does not disclose two separate hooks connected by a resilient connecting portion nor does it suggest the combination claimed in the patent in suit.

The hook disclosed could not be used or adapted for use as is the hook of the patent in suit.

Twenty-eight years intervened between the issuance of the foreign patent to Bellinger and the issuance of the patent in suit, and with the need for improvement in trough hangers it seems clear to me that the art would not have waited all that time, if the Ballinger patent had even suggested the device of the patent in suit.

A German patent forms part of the book of patents offered in evidence, but it is not accompanied by any translation, nor was it referred to by counsel, in their briefs, and therefore, I have not considered the same.

None of the said patents anticipates but the invention is limited to a combination as described having a supporting arm provided with a hook and a securing device comprising a pair of hooks and a resilient connecting portion.

I do not agree with defendant, that only one element is improved and that the claim calls for an old combination whose construction and operation is otherwise unchanged, on the contrary, the alleged prior art patents show securing devices very different from that of the patent in suit, and none of them, except the strap, are shown by the evidence to have gone into practical use.

The invention represents a distinct advance in the art, as it has rendered simple and efficient the application of the clip of the patent in suit, over the prior practices.

The patent in suit has had a marked commercial success.

The patent in suit is valid.

This brings us to a consideration of the question of infringement.

The alleged infringing device of the defendant is admitted (plaintiff's Exhibits 4 and 7).

That device includes a supporting arm or circle, a pair of hooks for engaging the outer eaves-trough, the hooks being connected by a connecting portion, which is resilient, not only by virtue of a certain resiliency of the wire, of which it is formed, but also by the loops at its end.

That the hook connecting portion of the defendant's device possesses resiliency seems to me to be clearly established, as I am convinced that if the connecting portion was not resilient, the device would not function for the purpose intended and I hold that it is applied and does function exactly as does the device of the patent in suit.

Defendant, as I understand its defense of non-infringement, relies upon the contention that the wire of which its device is formed is not resilient and points to the difference in meaning of the terms resiliency and pliability, but as I have found that the hook connecting portion of the defendant's device possesses resiliency, no further consideration of the well known difference in meaning of those terms, need be considered.

The defendant infringes the single claim of the patent in suit.

A decree may be entered in favor of the plaintiff against the defendant for injunction and costs with the usual order of reference.

Settle decree on notice.

Submit proposed findings of fact and conclusions of law, in accordance with this opinion, for the assistance of the Court, as provided by the Rules of Civil Procedure, and the Rules of this Court.